AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

1228 Mail Route Road
Bonneau, SC 29431

Case No. 2:20-cr-386

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of ___South Carolina___ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 18 USC 545 | Importation of merchandise into the United States contrary to law |
| 18 USC 922 (a)(1)(A) | Unlawfully receiving any firearm in interstate or foreign commerce |
| 18 USC 922 (g)(1) | Felon in possession of a firearm |

The application is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Hailey Barraco, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June 19, 2020

*Judge's signature*

City and state: Charleston, SC

The Honorable Mary Gordon Baker
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ) | Case No. 2:20-cr-386 |
| ) | |
| 1228 MAIL ROUTE ROAD ) | |
| BONNEAU, S.C. 29431 ) | |
| ) | |

**AFFIDAVIT IN SUPPORT OF**
**APPLICATION FOR SEARCH WARRANT**

Your Affiant, Hailey Barraco, being duly sworn, hereby depose and state the following:

### A. Introduction

I, Hailey Barraco, am a Special Agent (SA) with The Department of Homeland Security Investigations (HSI), Bureau of Immigration and Customs Enforcement (ICE) and have been employed by The Department of Homeland Security since April 2019. As such, I am an investigative agent or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of or to make arrests for offenses enumerated in Title 18, United States Code Section 2516 (7).

Prior to my employment with HSI/ICE, I was employed as a Financial Crime Investigator with the Florida Department of Financial Services for four years. I have completed the Criminal

1

Investigator Training Program and the HSI Special Agent Training Program at the Federal Law Enforcement Training Center in Brunswick, Georgia.

I am responsible for enforcing federal criminal statutes, including violations of Title 18 and Title 22 of the United States Code. I have received training and have actual experience relating to federal criminal procedures, federal statutes and U.S. Immigration and Customs regulations.

During my career as a Special Agent, I have participated in federal criminal investigations related to the importation and exportation of items contrary to law. I have also participated in the service of federal search warrants in investigations relating to, controlled substances, child exploitation, illegal exports of stolen goods, and importation of items contrary to law. Through my training and experience, as well as through consultation with other law enforcement agents, I have become familiar with a variety of means through which individuals and entities import and export merchandise in violation of federal laws. I am generally aware of the methods used in the illegal importation of counterfeit U.S. goods, and the financial transactions supporting those illegal activities.

### B. Overview

Currently, your affiant is investigating the importation and attempted importation of a firearm silencer from China to the United States. The term "firearm" under 18 U.S.C. 921(a)(3) (and for purposes of 18 U.S.C. § 922(g)), is defined, in pertinent part, as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; or any destructive device." Furthermore, the term "firearm silencer" under 18 U.S.C.

2

921(a)(24) is defined, in pertinent part, as "any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication." For the purpose of Chapter 53 of Title 26, the term "firearm" is defined, in relevant part, as "(7) any silencer (as defined in Section 921 of Title 18, United States Code)."

As set forth herein, this affidavit is in support of a search and seizure warrant to enter the premises located at 1228 Mail Route Road, Bonneau, South Carolina (S.C.), the residence of RAYMOND BRANDON MUNN (TARGET RESIDENCE), to search for and seize evidence, fruits and instrumentalities of crimes against the United States, specifically, in violation of Title 18, United States Code, Sections 545, Importation of merchandise into the United States contrary to law; 18, United States Code 922 (a)(1)(A), Unlawfully receiving any firearm in interstate or foreign commerce; Title 18, United States Code, Section 922(g)(1), Felon in possession of a firearm; and Title 26, United States Code, Section 5861, Possession of unregistered firearms.

The statements contained in this affidavit are based on my own knowledge and on information provided to me by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each fact known to me concerning this investigation, but rather those facts which I believe are necessary to establish probable cause to search and seize evidence, fruits and instrumentalities of crimes present at 1228 Mail Route Road, Bonneau, S.C.

### C. Probable Cause

3

On April 10, 2020, a United States Postal Service Mail Parcel, arrived at the JFK Mail Facility, tracking #: LN225150545CN, originating from Zhu Long, Shanghai No. 18 South District Jiangchuan Second Village S, Shanghai, 315800 China. The parcel was found to contain a firearm silencer and was labeled on the outside as a "fuel filter."

On April 23, 2020, HSI Charleston was notified of the interception and accepted it for further investigation of the party to whom it was addressed, who was identified as RAYMOND BRANDON MUNN of 1228 Mail Route Road, Bonneau, S.C. 29431. On May 6, 2020, HSI SA Hailey Barraco received the intercepted parcel. A photo of the shipping label on the parcel is provided below:



4



The estimated value of the firearm silencer is $99.00.

On May 8, 2020, images of the silencer were sent to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), which was able to confirm the item seized was a firearm silencer. On May 13, 2020, a search of MUNN in the National Firearm Registration and Transfer Record yielded no records, indicating that MUNN does not have the proper license or authority to receive a firearm silencer.

MUNN'S address of record with the South Carolina Department of Motor Vehicles (SCDMV) is 1228 Mail Route Road, Bonneau, S.C. (TARGET RESIDENCE). According to SCDMV, KELLIE WHITE also resides at the target residence. Berkeley County Property Records indicate WHITE as the owner of the TARGET RESIDENCE.

Listed on the parcel that contained the firearm silencer, was a phone number (843) 312-2549. Verizon Wireless records indicate subscriber information for (843) 312-2549 belongs to RAYMOND B. MUNN at 1228 Mail Route Road, Bonneau, SC. Records indicate the phone number has been active since March 18, 2009. Records also indicate this phone has access to a wireless hotspot and internet connection from mobile data.

According to the National Crime Information Center (NCIC) and the Charleston County Clerk of Court, MUNN was convicted on felony charges in connection with drug distribution in September 1996. Records also revealed MUNN was convicted for unlawful carrying of a firearm in August 2002.

Your Affiant is aware that individuals that possess firearms generally maintain the firearms and/or ammunition on their person, in their residence, in their vehicles, or in places that

5



are readily accessible, and under their physical control, to include secure locations such as safes and locked containers.

Your Affiant is aware that individuals involved in illegally acquiring firearms often maintain in their residence, records of firearms transactions, receipts or other documentation from the purchase or sale of firearms including empty firearms boxes and manuals.

Your Affiant is aware that MUNN has been convicted of a crime punishable by a term of imprisonment exceeding one year. Thus, MUNN is a felon for purposes of 18 U.S.C. § 922(g)(1) and is prohibited from possessing firearms and/or ammunition. Your affiant has participated in numerous investigations either as the investigating agent or as an assisting agent involving counterfeit items shipped from China. In every investigation this affiant has been involved in, when the items have come from China, the orders were placed over the internet. This is due to many factors which include: language barriers, time zone difference, and the fact that the internet is the most efficient way to advertise goods in a foreign country. Because of this, your affiant believes that there is probable cause that MUNN ordered the "firearm silencer" over the internet.

Your affiant has been involved in numerous investigations involving the use of computer and cell phones, to include child pornography investigations. Because of this affiant's experience investigating these crimes, this affiant knows that computers retain information for extended periods of time and that even if the user deletes information, it can still usually be recovered using forensic software. Your affiant also knows computers retain information like internet browsing history for significant periods of time. Because of this, this affiant believes that there will be evidence related to the purchase of the "firearm silencer" on a computer or cell phone



belonging to MUNN. This affiant believes that there are likely emails confirming MUNN'S order and payment to the shipper. Based on your affiant's training and experience, individuals purchasing firearms or firearm parts keep records of their purchases, which are likely to be in electronic form when the item is purchased over the Internet.

Based upon this affiant's training, experience, and discussions with other federal agents related to the investigation of international import-related and National Firearms Act (NFA) violations, this affiant is also familiar with 18 U.S.C. § 545(a), which states, in part: Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces or attempts to smuggle or clandestinely introduce into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; or whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law shall be fined under this title or imprisoned not more than 20 years, or both."

Based upon this affiant's training, experience, and discussions with other federal agents related to the investigation of international import-related and National Firearms Act (NFA) violations, this affiant knows that the primary method for manufacturers to distribute to international customers is through the use of various online marketplace platforms such as eBay or other similar websites. This fact requires customers to utilize digital devices such as mobile phones, computers/laptops, and tablets to connect with and purchase the illegal firearms.



Based upon my training and experience, and information relayed to your affiant by agents and others involved in the forensic examination of computers and digital devices, I know that computers and digital devices are often used to purchase from the internet and store information in very much the same way paper, ledgers, files and file cabinets are used to store information. I know that it is common today for individuals to utilize digital devices to conduct their legal and/or illegal business and to store information related thereto. I know based on my training and experience, that subjects who are engaged in this illegal activity commonly store information related to their activities on digital devices.

Your affiant is aware that searching digital devices can require the use of precise, scientific procedures designed to recover latent data. The recovery of such data may require the use of special software and procedures. Data that represents electronic files or remnants of such files can be recovered months or even years after it has been downloaded onto a hard drive, deleted, or viewed via the Internet. Even when such files have been deleted, data can be recovered months or years later using readily available forensic tools. Normally, when a person deletes a file on a computer or a mobile device, the data contained in the file does not actually disappear; rather, that data remains on the hard drive until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in space on the hard drive or other storage media that is not allocated to an active file. In addition, a computer or mobile device's operating system may keep a record of deleted data in a swap or recovery file or in a program specifically designed to restore the device's settings in the event of a system failure.

Your affiant is also aware that many digital devices run software programs commonly referred to as "Applications" or "Apps". Apps are designed to provide the user of the device



with software that can accomplish specific tasks. In this case, it is possible that an online marketplace such as eBay was used to connect the buyer with the manufacturer. Often, such applications will maintain order history between the buyer and the manufacturer.

Based upon this affiant's training, experience, and discussions with other federal agents related to the investigation of international import-related and National Firearms Act (NFA) violations, this affiant is aware that persons engaged in illegal firearm and ammunition trafficking activity maintain at their residences, places of business, storage lockers, in their vehicles and other locations under their control, items constituting fruits, instrumentalities, and evidence of their criminal activities and associations. These items can include firearms (used to protect the stock of arms and profits), packaging materials, financial records, personal address/telephone books identifying co-conspirators, indications of control/ownership, and other items incorporated as a part of this affiant (more particularly described in Attachment B).

This affiant believes there is probable cause to execute this search warrant on the TARGET RESIDENCE based on the facts enumerated above and summarized below:

    a) There is probable cause to believe that the TARGET RESIDENCE contains evidence of a violation of 18 U.S.C. § 545(a), which penalizes individuals who smuggle or clandestinely introduce into the United States any merchandise contrary to law. The packaging on the item indicates it contained a "fuel filter" and failed to indicate the item is an unregistered firearm.

    b) There is probable cause to believe that the TARGET RESIDENCE contains evidence of a violation of 18 U.S.C. § 922(g)(1), which penalizes a felon in possession of a firearm.



    c) Based on my training and experience, and the experience of other agents, I believe there is a probable cause to believe that there is evidence within the TARGET RESIDENCE to establish that MUNN, or some other occupant, purchased the silencer using the internet or some other communication device. There is also probable cause to believe that evidence that MUNN, or some other occupant, ordered and paid for the device will be found in the TARGET RESIDENCE.

Based on the foregoing, there is probable cause to believe that the TARGET RESIDENCE described in Attachment A, which is incorporated here by reference, will contain evidence of the attempted importation of a device in violation of the NFA and the importation of counterfeit item(s) contrary to law. This affiant therefore respectfully requests that the Court issue a warrant authorizing the search of the location set forth in the affidavit and attachments and authorizing seizure of items more specifically described in Attachment B, in accordance with Attachment C.

This affidavit has been reviewed by AUSA Chris Schoen.

Further your Affiant sayeth not.

_____
Hailey Barraco, Special Agent
Homeland Security Investigations

SUBSCRIBED and SWORN to before me
this 19th day of June, 2020.

_____

10

United States Magistrate Judge